**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **FIRST BAPTIST CHURCH OF SATSUMA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No: 1:23-cv-00442-TFM-MU** |
| ) | |
| **MT. HAWLEY INSURANCE COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

**<u>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES</u>**
**<u>SUBJECT TO MOTION TO TRANSFER VENUE</u>**

Defendant Mt. Hawley Insurance Company ("Mt. Hawley") files this Answer and Affirmative Defenses to Plaintiff's Complaint (the "Complaint") subject to Mt. Hawley's Motion to Transfer Venue.

1.      Responding to Paragraph 1 of the Complaint, Mt. Hawley admits that Plaintiff owns the property at issue in this lawsuit, and that the property is located at 5600 Old Highway 43, Satsuma, Alabama 36572 (the "Property"). Mt. Hawley denies the remaining allegations in Paragraph 1 of the Complaint and denies that Alabama law applies to this dispute.

2.      Responding to Paragraph 2 of the Complaint, Mt. Hawley admits that it is an Illinois insurance company and that it has issued insurance policies in the State of Alabama. Mt. Hawley denies the remaining allegations in Paragraph 2.

3.      Responding to Paragraph 3 of the Complaint, Mt. Hawley denies this Court has jurisdiction because the Mt. Hawley Policy at issue contains a mandatory New York forum selection clause. Mt. Hawley denies the remaining allegations in Paragraph 3.

4.      Responding to Paragraph 4 of the Complaint, Mt. Hawley denies the allegations therein for the reasons set forth in its contemporaneously filed Motion to Transfer Venue to the United States District Court for the Southern District of New York.

5.      Responding to Paragraph 5 of the Complaint, Mt. Hawley admits it was served with a Citation. Mt. Hawley denies the remaining allegations contained in Paragraph 5.

6.      Responding to Paragraph 6 of the Complaint, Mt. Hawley admits that Hurricane Sally was a Category 2 hurricane. Mt. Hawley is without knowledge or information to admit or deny the remaining allegations in Paragraph 6 as written.

7.      Responding to Paragraph 7 of the Complaint, Mt. Hawley admits that it issued commercial property Policy No. MCP0165634 (the "Policy") to Plaintiff, and that the Policy, subject to all terms, conditions, limitations, and exclusions, provides coverage for the covered property at 5600 Old Highway 43, Satsuma, Alabama 36572 (the "Property"). Mt. Hawley denies that Exhibit A to the Complaint is a certified copy of the Policy.

8.      Responding to Paragraph 8 of the Complaint, Mt. Hawley admits that the Property sustained some damage as a result of Hurricane Sally, but denies such damage was "severe." Mt. Hawley denies the remaining allegations in Paragraph 8 and denies that Plaintiff is entitled to any further payment under the Policy.

9.      Responding to Paragraph 9 of the Complaint, Mt. Hawley admits that Plaintiff provided notice of its claim on or about September 18, 2020, but denies that Plaintiff is entitled to any relief whatsoever by way of its Complaint and denies the remaining allegations in Paragraph 9.

10.    Responding to Paragraph 10 of the Complaint, Mt. Hawley admits it assigned claim number 488601 to Plaintiff's claim. Mt. Hawley denies the remaining allegations in Paragraph 10.

11.    Responding to Paragraph 11 of the Complaint, Mt. Hawley admits to retaining an adjuster to inspect Plaintiff's Property and assist with Mt. Hawley's claim investigation, and admits that subject to all terms, conditions, limitations, deductibles, and exclusions, the estimated loss was $69,314.07. Mt. Hawley otherwise denies that Plaintiff is entitled to any further payment under the Policy or any relief whatsoever by way of its Complaint.

12.    Responding to Paragraph 12 of the Complaint, Mt. Hawley admits it issued payment to Plaintiff pursuant to the terms, conditions, limitations, and exclusions of the Policy. Mt. Hawley denies that Plaintiff is entitled to any further payment under the Policy and denies that Plaintiff is entitled to any relief whatsoever by way of its Complaint.

13.    Responding to Paragraph 13 of the Complaint, Mt. Hawley admits Plaintiff seeks the relief stated in its Complaint but denies that Plaintiff is entitled to recover any amount whatsoever by way of this lawsuit.

14.    Responding to Paragraph 14 of the Complaint, Mt. Hawley admits that Plaintiff seeks the damages stated therein, but denies that Plaintiff is entitled to any relief whatsoever by way of its Complaint and denies that Plaintiff is entitled to any further payment under the Policy.

15.    Responding to Paragraph 15 of the Complaint, Mt. Hawley admits that Plaintiff seeks the damages stated therein, but denies that Plaintiff is entitled to any relief whatsoever by way of its Complaint and denies that Alabama law applies to this dispute.

16.    Responding to Paragraph 16 of the Complaint, Mt. Hawley denies the allegations therein and denies that Plaintiff is entitled to any further relief by way of its Complaint.

17.     Responding to Paragraph 17 of the Complaint, Mt. Hawley denies the allegations therein and denies that Plaintiff is entitled to any further relief by way of its Complaint.

## COUNT ONE
## BREACH OF CONTRACT

18.     Responding to Paragraph 18 of the Complaint, Mt. Hawley incorporates herein by reference its responses to paragraphs 1-17 above.

19.     Responding to Paragraph 19 of the Complaint, Mt. Hawley admits that the Policy, subject to all terms, conditions, limitations, and exclusions, provides coverage for the covered property at the Property during the policy period of June 20, 2020 to June 20, 2021. Mt. Hawley denies all remaining allegations in Paragraph 19.

20.     Responding to Paragraph 20 of the Complaint, Mt. Hawley admits that Plaintiff paid a premium for the Policy and subject to all terms, conditions, limitations, and exclusions, the Policy provides coverage for the covered property at the Property. Mt. Hawley denies all remaining allegations in Paragraph 20, specifically denies that Alabama law applies, and denies that Plaintiff is entitled to any relief whatsoever by way of its Complaint.

21.     Responding to Paragraph 21 of the Complaint, Mt. Hawley denies the allegations contained therein. Mt. Hawley specifically denies that Alabama law applies, that Plaintiff is entitled to any further payment under the Policy, and that Plaintiff is entitled to any relief whatsoever by way of its Complaint.

22.     Responding to Paragraph 22 of the Complaint, Mt. Hawley denies the allegations contained therein. Mt. Hawley specifically denies that Alabama law applies, that Plaintiff is entitled to any further payment under the Policy, and that Plaintiff is entitled to any relief whatsoever by way of its Complaint.

23.    Responding to the WHEREFORE Paragraph following Paragraph 22 of the Complaint, Mt. Hawley admits that Plaintiff seeks the relief stated therein, but denies that Plaintiff is entitled to recover any amount whatsoever by way of this lawsuit and denies that Alabama law applies to this dispute.

24.    Responding to Plaintiff's demand for a trial by jury, Mt. Hawley admits that Plaintiff has requested a trial by jury but denies that Plaintiff is entitled to any relief whatsoever by way of its Complaint.

<u>**AFFIRMATIVE DEFENSES**</u>

*First Affirmative Defense*

Plaintiff's claims herein are subject to the coverage limits, all applicable sub-limits, and deductibles set forth in the Mt. Hawley Policy, policy number MCP0165634, issued to Plaintiff.

*Second Affirmative Defense*

The Policy provides coverage, subject to all terms, conditions, limitations, and exclusions, for direct physical loss of or damage to Plaintiff's Covered Property caused by a Covered Cause of Loss. *See* Policy, **BUILDING AND PERSONAL PROPERTY COVERAGE FORM**, **A**. The Policy only covers loss or damage commencing during the Policy Period. *See* Policy, **COMMERCIAL PROPERTY CONDITIONS, H. Policy Period, Coverage Territory**. Mt. Hawley has paid Plaintiff for the full value of covered damage in satisfaction of Plaintiff's insurance claim, and Plaintiff is not entitled to any further payment or recovery under the Policy.

*Third Affirmative Defense*

Plaintiff's claims herein are subject to all coverage limits and sub-limits as provided in the Policy. The Policy contains a 1% of the Total Insurable Values Per Building subject to a

5

minimum of $25,000 Per Occurrence for Windstorm or Hail. *See* **DECLARATIONS – DEDUCTIBLE ADDENDUM.** The Total Insurable Values is calculated at the time of loss or damage.

      *Fourth Affirmative Defense*

      The Policy contains the following endorsement that requires any litigation commenced by Plaintiff against Mt. Hawley be initiated in New York and decided under New York law:

**LEGAL ACTION CONDITIONS ENDORSEMENT**

This endorsement adds the following to LEGAL ACTION AGAINST US elsewhere in the Policy:

> All matters arising hereunder including questions related to the validity, interpretation, performance and enforcement of this Policy **shall be determined in accordance with the law and practice of the State of New York** (notwithstanding New York's conflicts of law rules).

> It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, any Named Insured, any additional insured, and any beneficiary hereunder shall submit to the jurisdiction of a court of competent jurisdiction in the State of New York, and shall comply with all the requirements necessary to give such court jurisdiction. Any litigation commenced by any Named Insured, any additional insured, or any beneficiary hereunder against the Company **shall be initiated in New York**. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District Court.

*See* Policy, **LEGAL ACTION CONDITIONS ENDORSEMENT** (emphasis added). Plaintiff violated this provision by filing this lawsuit in Alabama. For the reasons stated in Mt. Hawley's concurrently filed Motion to Transfer Venue, this case should be transferred to the United States District Court for the Southern District of New York.

      *Fifth Affirmative Defense*

      The Policy does not cover loss or damage caused by wear and tear; rust, corrosion, decay, deterioration, hidden or latent defect; or settling, cracking, shrinking or expansion. *See* Policy,

**CAUSES OF LOSS – SPECIAL FORM**, **B.2.d.** Mt. Hawley's claim investigation revealed potential damage caused by long-term wear and tear and deterioration. The Policy excludes such damage.

> ### Sixth Affirmative Defense

The Policy does not cover loss or damage caused by faulty, inadequate or defective workmanship, repair, construction, renovation, remodeling, grading, compaction; materials used in repair, construction, renovation, or remodeling; or maintenance of all or part of the Property. *See* Policy, **CAUSES OF LOSS – SPECIAL FORM**, **B.3.c.** Mt. Hawley's claim investigation revealed potential damage caused by faulty, inadequate, or defective maintenance, repair, installation, renovation, and/or construction work. The Policy excludes such damage.

> ### Seventh Affirmative Defense

The Policy excludes loss or damage caused by or resulting directly or indirectly from the presence, growth, proliferation, spread, or any activity of "fungus", wet or dry rot or bacteria. *See* Policy, **CAUSES OF LOSS – SPECIAL FORM, B. Exclusions, 1.h.** Limited additional coverage is provided for "fungus", wet and dry rot and bacteria as provided in the **CAUSES OF LOSS – SPECIAL FORM, E. Additional Coverage – Limited Coverage for "Fungus", Wet Rot, Dry Rot and Bacteria** where the result of a "specified cause of loss" other than fire or lightning and the terms for the coverage are satisfied. The additional coverage is limited to $15,000. *See* Policy, **CAUSES OF LOSS – SPECIAL FORM, E. Additional Coverage – Limited Coverage for "Fungus", Wet Rot, Dry Rot and Bacteria.**

> ### Eighth Affirmative Defense

The Policy limits coverage for damage to the roof of Plaintiff's Property to actual cash value as of the time of loss or damage. *See* Policy, **ACTUAL CASH VALUE FOR ROOF**

**SURFACING**. Plaintiff is not entitled to replacement costs for any such damage to roof surfacing.

### Ninth Affirmative Defense

The Policy does not cover damage to the interior of Plaintiff's buildings caused by, among other things, rain unless the property first sustains covered damage to its roof or walls through which the rain enters. *See* Policy, **CAUSES OF LOSS – SPECIAL FORM, C. Limitations, para. 1.c.(1)**. Defendant's claim investigation determined that certain interior damage was not the result of storm-created openings in the roof or exterior walls of Plaintiff's buildings. As such, there is no coverage for such interior water damage to Plaintiff's property.

WHEREFORE, Defendant Mt. Hawley Insurance Company prays that Plaintiff take nothing by way of its Complaint and for such other and further relief to which Mt. Hawley is entitled.

Respectfully submitted,

s/ Joel S. Isenberg
Joel S. Isenberg (ASB-8855-N76J)
Seth T. Hunter (ASB-8506-S76H)
Attorneys for Defendant Mt. Hawley Insurance
Company

**OF COUNSEL:**
ELY & ISENBERG, LLC
3500 Blue Lake Drive, Suite 345
Birmingham, AL 35243
Telephone: (205) 313-1200
Facsimile (205) 313-1201
jisenberg@elylawllc.com
shunter@elylawllc.com

## **CERTIFICATE OF SERVICE**

I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record via the CM/ECF electronic filing system and/or by U.S. Mail on this the 27th day of November, 2023.

William Maxwell Compton
MORGAN & MORGAN
200 Stephenson Avenue, Suite 200
Savannah, Ga 31405
MCompton@forthepeople.com

s/ Joel S. Isenberg
**OF COUNSEL**